# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **JASON HOLT,** ] | |
| ] | |
| **Plaintiff,** ] | **CASE NO.** |
| ] | |
| **v.** ] | |
| ] | |
| **J & S XPRESS, LLC, a foreign limited liability** ] | |
| **company; and JASON MITCHELL, individually,** ] | |
| ] | |
| **Defendants.** ] | |

## COMPLAINT

Plaintiff, Jason Holt, by and through his undersigned counsel, sues the Defendants, J & S Xpress, LLC and Jason Mitchell, and states:

## PARTIES, JURISDICTION AND VENUE

1.      The Plaintiff, Jason Holt, is at all times relevant, a resident of Ohio, residing at 1635 Villa South Drive, West Carrollton, OH  45449.

2.      Defendant, J & S XPRESS, LLC ("J & S"), is a foreign limited liability company for-profit entity that owns and/or manages, operates or leases commercial transport trucks and semi-trailers, including the subject eighteen-wheeler, VIN3AKJHHDRXJ5JY1075.   According to information on file with the Florida Secretary of State, J & S has a home address of 1546 Eddings Grove Lane, Jacksonville, FL 32221, and a mailing address of 38310 Via Taffia, Murrieta, CA 92563.  Defendant has designated Jason Mitchell as its agent for service of process at 1546 Eddings Grove Lane, Jacksonville, FL  32221.

1

3. The Defendant, Jason Mitchell, at the time of the accident was at all times relevant an owner, partner, officer, manager or employee of J & S, and was himself operating the subject tractor-trailer in the course and scope of business on behalf of J & S. Mr. Mitchell is a resident of the State of Florida residing at 1546 Eddings Grove Lane, Jacksonville, Florida 32221.

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) because complete diversity exists between Plaintiff and Defendants, and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

5. This Court has personal jurisdiction over Defendants because Defendants are authorized to conduct and do conduct business in the State of Tennessee. Defendants, and each of them, have marketed, promoted, distributed, and sold the Products in the State of Tennessee and Defendants each have sufficient minimum contacts with this State and/or sufficiently avail themselves of the markets in this State through their promotion, sales, distribution and marketing within this State to render the exercise of jurisdiction by this Court permissible.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Venue is also proper under 18 U.S.C. § 1965(a) because Defendants transact substantial business in this District.

## COMMON ALLEGATIONS

7. This Complaint concerns a high impact automobile collision involving Plaintiff and Defendant, Jason Mitchell, by and through his employment with J & S,

2

which occurred in an unincorporated area of Bradley County, Tennessee on November 6, 2022.

8.      On or about November 6, 2022, the Plaintiff, Jason Holt, was traveling southbound on Interstate 75 in Bradley County, Tennessee, near mile marker 19.4, with his two minor children as his passengers, followed by his wife in her own vehicle, and his sister following in a third vehicle. While enroute to their destination in Jacksonville, Florida, the Plaintiff, followed by his wife and sister in their own separate vehicles, came upon the Defendant, Jason Mitchell, who was operating the subject J & S eighteen-wheel tractor-trailer vehicle in the left-hand lane of the interstate, but at a substantially slower rate of speed compared to the traffic flow on the interstate. Plaintiff followed the Defendant for several minutes in the left lane, waiting for him to move the J & S truck from the left lane over to the right-hand lane, thereby allowing the Plaintiff to proceed in the left lane, which is designated for use by vehicles being operated at a higher speed. Notwithstanding the fact that the Defendants' vehicle was being operated at a speed substantially slower than the flow of traffic in the area, Defendant refused to pull to the right-hand lane and continued to travel in the left lane, blocking through traffic from passing him. Plaintiff was finally forced to proceed around the Defendant vehicle in the right-hand lane, after which Plaintiff moved back into the left lane ahead of the Defendants' vehicle, once there was sufficient distance to do so safely. All of these events were witnessed by Plaintiff's wife and sister, who were following directly behind the Plaintiff.

9.      After moving back into the left lane ahead of the Defendants' vehicle, Plaintiff began to gradually slow down to allow his wife and sister to also move into the left land behind him and ahead of the Defendants' vehicle. Although Plaintiff took his foot off the accelerator to allow his vehicle to coast for a moment so that his wife and sister could enter the left lane behind Plaintiff and ahead of the Defendants, the Defendant driver, Mr. Mitchell, apparently accelerated at that point and crashed into the rear of the Plaintiff's vehicle before Plaintiff's wife or sister had any opportunity to enter the left lane.

10.    At no time prior to the collision did Plaintiff ever apply his brakes and it appears that the Defendants' vehicle had to accelerate at a high rate of speed in order to overtake the Plaintiff's vehicle and crash into the Plaintiff, causing significant damage to Plaintiff's vehicle from the impact.

11.    At all times material, Plaintiff used due care and operated his vehicle in accordance with posted speed limits and applicable traffic regulations.

12.    At all times material, Plaintiff's vehicle was in plain sight of the Defendant, Mr. Mitchell, who had a duty to keep a proper lookout ahead, to drive at a reasonable and safe speed, to see all that came into said Defendant's line of sight, and to drive reasonably and carefully. Defendant, Mr. Mitchell, negligently failed to operate his truck in a safe manner such that the collision with the rear end of Plaintiff's vehicle could and should have been avoided.

13.    In addition to the aforementioned acts of negligence, the Defendant, Jason Mitchell, was negligent per se in that said Defendant, drove a vehicle with such a willful, reckless and wanton disregard to the safety of the Plaintiff so as to constitute reckless driving in violation of Tenn. Code Ann. § 55-10-205. Furthermore, the Defendant was

3

negligent per se in violation of Tenn. Code Ann. § 55-8-124, Following too closely and Tenn. Code Ann. § 55-8-136 Failure to exercise due care.

14.     The Defendant, J & S, is vicariously liable for the acts of its employees, including the Defendant, Mr. Mitchell, under the doctrine of vicarious liability and/or *respondeat superior* for such acts of negligence and other breaches of duty and of the standard of care of said Defendant, proximately causing injuries to the Plaintiff.

15.     Upon information and belief, Defendant, J & S, was directly also negligent in that said Defendant knew or should have known that the decision to allow Defendant, Jason Mitchell, to operate said Defendant's vehicle created a foreseeable danger to third parties. Said negligence was a substantial and proximate cause of the injuries and damages suffered by the Plaintiff.

16.     As the direct and proximate result of one or more of the acts of negligence, gross negligence or recklessness, of the Defendants, and each of them, Plaintiff was injured and suffered damages, past, present and future, that include, but are not necessarily limited to: physical pain and suffering; medical expenses and future medical care; mental or emotional pain and suffering; inconvenience; lost earnings and loss of ability to earn money in the future; loss or diminution of the capacity for the enjoyment of life; and aggravation of pre-existing injuries or conditions that were asymptomatic prior to this collision.

17.     All conditions precedent or statutory prerequisites to bringing this action have been performed, have occurred, or would be futile.

18.     As the direct and proximate result of the subject crash, Plaintiff demands damages from the Defendants in such an amount that may be awarded by a jury after being presented with the evidence and testimony in this case.  Plaintiff demands trial by jury as to all issues so triable.

**WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS:**

1.     That process issue and the Defendants be required to respond

pursuant to the Federal Rules of Civil Procedure;

2.     That Plaintiff, Jason Holt, be awarded a just, fair, and equitable amount in compensatory damages to be determined by the jury at the time of trial after hearing the facts and issues of this case, not to exceed $750,000.00.

3.     That the cost of this action be taxed to the Defendants.

5.     For such other, further and general relief which may be deemed by

this Honorable Court to be appropriate.

Respectfully submitted,

4

Tim L. Bowden, BPR #15379
Michael W. Gaines, BPR #037126
Attorneys for Plaintiffs
306 Northcreek Blvd., Ste 200
Goodlettsville, TN 37072
Telephone: (615) 859-1996
bowden_law@bellsouth.com
mwgaines01@gmail.com